IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

| | |
|---|---|
| THAD GILBERT COOPER, | |
| Plaintiff, | Civil Action No. 7:23cv00708 |
| v. | **MEMORANDUM OPINION** |
| CO JOHNSIN, | By: Hon. Thomas T. Cullen |
|  | United States District Judge |
| Defendant. | |

Plaintiff Thad Gilbert Cooper, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Correctional Officer ("CO") Johnsin. Having reviewed Cooper's complaint, the court concludes that he fails to state a cognizable federal claim against the named defendant. Therefore, the court will dismiss Cooper's complaint under 28 U.S.C. § 1915A(b)(1).

# I.

Cooper alleges that he was sexually harassed by a correctional officer while he was housed at Wallens Ridge State Prison ("Wallens Ridge"). Cooper claims that he was continuously harassed "all the way [un]til[ he] left [Wallens Ridge]," but he only cites one incident of the alleged harassment in his complaint. (ECF No. 1 at 5.) Cooper alleges that, while he was receiving medical treatment in September of 2022, CO Johnsin stated that "he [had] vi[de]o of [Cooper] suck[ing] [Johnsin's] dick."[1] (*Id.*) Cooper denies that he ever engaged

---

[1] Presumably, Cooper contends that Johnsin's alleged statement constitutes sexual harassment.

in any type of sexual activity with Johnsin. (*Id.*) Cooper asserts that the eye doctor and three other COs witnessed the incident. As relief, Cooper seeks $6,000,000.

By order entered April 8, 2024, the court advised Cooper that his complaint failed to state a claim under § 1983 against the defendant and gave him 21 days to file an amended complaint. (ECF No. 10.) The court warned Cooper that if he failed to file an amended complaint, it would assume that he stood on his original complaint and waived his right to amend. The court also advised Cooper that failure to amend may result in dismissal of the complaint. Cooper did not file an amended complaint, so the court reviews his original pleading to determine the sufficiency of his allegations.

## II.

Cooper's allegation that CO Johnsin made a single sexual comment to him fails to establish a cognizable § 1983 claim. Therefore, the court will dismiss Cooper's claim under 28 U.S.C. § 1915A(b)(1).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Johnson v. Laham*, 9 F.3d 1543 (4th Cir. 1993); *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990), aff'd 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language

of a prison official, even if true, does not amount to constitutional violation); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life were not an infringement of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); *Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973) ("[T]hreatening language and gestures of [a] penal official do not, even if true, constitute constitutional violations."); *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (humiliating, denigrating, and frightening verbal abuse may be actionable as state tort, but does not state a Fourteenth Amendment claim); *Keyes v. City of Albany*, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Even foul language of a sexual nature, by itself, does not state a constitutional deprivation under § 1983, as such language is "unprofessional[,] but does not state a claim that rises to the level of a constitutional violation." *Powell v. Temple*, No. 1:22cv302, 2022 WL 2306762, at *4 (E.D. Va. June 27, 2022).

Fatally, Cooper does not claim that CO Johnsin made any physical contact with him; to the contrary, he flatly denies that any sexual act ever took place. His allegations of isolated, one-off verbal harassment, therefore, are insufficient to state a plausible federal claim under § 1983. *See Wilder v. Payne*, No. 2:14cv24, 2014 WL 6772265, at *7 (N.D. W. Va. Oct. 28, 2014) (collecting cases and holding that "circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement [of the

Eighth Amendment] because such conduct does not constitute the unnecessary and wanton infliction of pain"); *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("Several district courts have considered the issue, and have held that verbal sexual harassment of a prisoner, without physical contact, does not violate the Eighth Amendment.") (collecting cases).

### III.

For the reasons discussed, the court will dismiss Cooper's complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Cooper.

**ENTERED** this 6th day of June, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE